# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL GEIER,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE, operator of the Facebook page "Monroe County Wi 2026 Sheriff Election News,"<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No. 3:26 CV 635<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff MICHAEL GEIER, by and through undersigned counsel, Williams McCarthy LLP, and for this Complaint against Defendant John Doe, the unknown operator of the Facebook page titled "Monroe County Wi 2026 Sheriff Election News," alleges as follows:

### NATURE OF THE ACTION

1. This action arises from a coordinated campaign of false and defamatory statements published about Plaintiff on a public Facebook page.

2. Plaintiff is a former deputy of the Monroe County, Wisconsin, Sheriff's Office. During the past Sheriff's elections, Plaintiff exercised his First Amendment right to support a candidate who opposed the incumbent Sheriff, Wesley D. Revels.

3. Chris Weaver, Chief Deputy under the incumbent Sheriff, Wesley D. Revels, announced a campaign for Monroe County Sheriff in March 2026.  He is competing against Mike Krause in the August primary. Plaintiff has publicly supported Mike Krause's campaign.

1

4. Weaver is the suspected operator of the Facebook page at issue and suspected author of the defamatory statements about Plaintiff which are addressed herein.

5. An unidentified person operating under the page name "Monroe County Wi 2026 Sheriff Election News" published statements asserting, as established fact, three allegations of misconduct falsely attributed to Plaintiff.

6. The specific and non-public detail of these statements indicates, on information and belief, that their source is Plaintiff's confidential personnel and internal investigative records maintained in the custody and control of the Sheriff's Office.

7. On information and belief, Defendant obtained and selectively disclosed information contained in these records by virtue of a position within, or access to the records of, the Monroe County Sheriff's Office, and did so in retaliation for Plaintiff's protected political association.

8. Plaintiff brings claims for defamation and invasion of privacy under Wisconsin law, and for retaliation in violation of the First Amendment under 42 U.S.C. § 1983.

9. Because the author's identity is presently unknown, Plaintiff sues the author as John Doe and will seek leave to conduct expedited discovery to ascertain the operator's true identity.

**THE PARTIES**

10. Plaintiff MICHAEL GEIER is an adult resident of Monroe County, Wisconsin, and a former deputy of the Monroe County Sheriff's Office.

11. Defendant John Doe is the unknown natural person or persons who created, control, and operate the public Facebook page titled "Monroe County Wi 2026 Sheriff Election News." Defendant's true identity is presently unknown to Plaintiff.

12. On information and belief, Defendant resides in or was acting within this judicial district at all times relevant to this Complaint. On information and belief, Defendant is, or at the relevant

2

time was, employed by or affiliated with the Monroe County Sheriff's Office, or obtained the records at issue from a person so employed in a conspiracy to retaliate against Plaintiff.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 because that claim arises under the Constitution and laws of the United States, specifically the First and Fourteenth Amendments and 42 U.S.C. § 1983.

14. This Court has supplemental jurisdiction over Plaintiff's Wisconsin state-law claims under 28 U.S.C. § 1367(a) because those claims are so related to the federal claim that they form part of the same case or controversy, arising from a common nucleus of operative fact—namely, the publication of the statements at issue.

15. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district, and because the statements were published to and concerning residents of Monroe County, Wisconsin, which lies within the Western District of Wisconsin.

## FACTUAL ALLEGATIONS

### Plaintiff's Government Service and Protected Political Activity

16. Plaintiff previously served as a deputy within the Monroe County Sheriff's Office. While employed there, he was never found to have consumed alcohol on the job, allowed his K9 to bite citizens, or gotten into drunken fights, nor was he terminated due to such misconduct. Rather, he voluntarily terminated his employment with the Sheriff's Office to pursue other opportunities, completely unrelated to any allegations of impropriety on the job.

17. During the current campaign for election of the Monroe County Sheriff, Plaintiff publicly supported a candidate that is opposed by the author of the subject posts. The author of the posts

3

is believed to be Chris Weaver (or a Chris Weaver supporter), whereas Plaintiff supports Weaver's opponent, Mike Krause. Plaintiff's speech in support of Mike Krause was lawful political activity protected by the First Amendment to the United States Constitution.

**The Defamatory Publications**

18. In retaliation for Plaintiff's support of Mike Krause in his campaign for Sheriff, the Facebook page "Monroe County Wi 2026 Sheriff Election News" published a series of posts authored by Defendant "John Doe" which are directed at Plaintiff personally. (Exhibit 1 hereto at 3). One post suggested that Plaintiff no longer works at the Sheriff's Office because his K9 bit citizens, he reported to work after consuming alcohol, and because he got into "drunken fights at weddings."

19. The post invited Plaintiff to publicly discuss this "employment history" with the Sheriff's Office, invited Plaintiff to publicly address these alleged incidents as well as other unnamed "complaints and internal investigations" into his conduct while serving the Sheriff's Office, and invited him to publicly share his personnel file's records for the public to review so they can "decide for themselves". (Exhibit 1 at 3).

20. These statements (that Plaintiff's assigned K9 was "biting citizens", that Plaintiff reported to work "after consuming alcohol," and that Plaintiff was involved in "drunken fights at weddings"), are false. The statements suggest that these incidents took place during Plaintiff's employment and are the reason why he no longer works at the Sheriff's Office, which is not true and is capable of being proven false.

21. The operator of the page represented that he was presenting "publicly available facts." (Exhibit 1 at 3). That representation is itself false.

22. On information and belief, some specific details contained in the statements could only have been derived from Plaintiff's confidential personnel and investigative records, which reflect investigative findings exonerating Plaintiff. Yet, rather than state that these allegations were unfounded, the author of the posts exaggerated or misrepresented the underlying allegations and falsely suggested that the alleged incidents did in fact take place, and that Plaintiff's employment with the Sheriff's Office was terminated as a result of the alleged misconduct.

23. The statements were published on a public Facebook page accessible to, and in fact viewed by, members of the Monroe County community, and were thereby communicated to numerous third parties.

24. The statements were published with knowledge of their falsity or with reckless disregard for their truth or falsity, or were at minimum published negligently. On information and belief, the only source from which Defendant could have obtained some of the information disclosed was Plaintiff's confidential personnel file maintained by the Sheriff's Office.

25. As a direct and proximate result of the publications, Plaintiff has suffered harm to his reputation, damage to his standing in the community and his profession, humiliation, and emotional distress.

### COUNT I

### Defamation (Wisconsin Common Law)

26. Plaintiff realleges and incorporates by reference each preceding paragraph as though fully set forth herein.

27. Defendant made false statements of fact concerning Plaintiff, as set forth above.

28. Defendant communicated those false statements to third parties by publishing them on a public Facebook page.

29. The statements were unprivileged.

30. The statements were defamatory in that they tended to harm Plaintiff's reputation so as to lower him in the estimation of the community and to deter third persons from associating or dealing with him.

31. The statements constitute defamation because they impute criminal conduct to Plaintiff and because they injure Plaintiff in his trade, business, or profession. Accusing a deputy of reporting to duty while intoxicated and of conduct resulting in a civilian being bitten by a police K9 is defamatory on its face and actionable without proof of special damages.

32. Plaintiff is a private individual and not a public official or public figure with respect to the matters at issue. Accordingly, Plaintiff need prove only that Defendant acted negligently, or with greater fault, as to the truth or falsity of the statements. Defendant acted at least negligently, and on information and belief acted with knowledge of falsity or reckless disregard for the truth.

33. As a direct and proximate result of Defendant's defamatory statements, Plaintiff has suffered damages, including presumed damages, reputational harm, and emotional distress, in an amount to be determined at trial.

## COUNT II

**Invasion of Privacy — Public Disclosure of Private Facts (Wis. Stat. § 995.50(2)(am)3.)**

34. Plaintiff realleges and incorporates by reference each preceding paragraph as though fully set forth herein.

35. Wisconsin Statute § 995.50(2)(am)3. recognizes as an actionable invasion of privacy "[p]ublicity given to a matter concerning the private life of another, of a kind highly offensive to a reasonable person, if the defendant has acted either unreasonably or recklessly as to

whether there was a legitimate public interest in the matter involved, or with actual knowledge that none existed." Plaintiff pleads this count in the alternative to Count I pursuant to Fed. R. Civ. P. 8(d)(2).

36. The matters that Defendant publicized—including the existence and substance of the internal complaints lodged against Plaintiff and the associated investigative records—concern Plaintiff's private life. Those matters were contained in Plaintiff's confidential personnel and internal investigative files, which were not available to the public and were subject to the notice and access restrictions of Wis. Stat. §§ 19.35 and 19.356.

37. Defendant gave publicity to those private matters by publishing them on a public Facebook page accessible to and viewed by the Monroe County community.

38. The publicity given to these private matters is of a kind that would be highly offensive to a reasonable person.

39. Defendant acted unreasonably or recklessly as to whether there was a legitimate public interest in the matters publicized. The records were confidential; the underlying allegations had been investigated by the Sheriff's Office and found unsubstantiated or false; and the disclosure was made without the notice to Plaintiff required by Wis. Stat. § 19.356.

40. No legitimate public interest justified the disclosure of Plaintiff's confidential personnel and investigative records.

41. As a direct and proximate result, Plaintiff has suffered reputational harm and emotional distress in an amount to be determined at trial.

**COUNT III**

**First Amendment Retaliation (42 U.S.C. § 1983)**

42. Plaintiff realleges and incorporates by reference each preceding paragraph as though fully set forth herein.

43. Plaintiff engaged in activity protected by the First Amendment to the United States Constitution by supporting a candidate for Sheriff. Political association and support for a candidate for public office lie at the core of protected First Amendment activity.

44. On information and belief, Defendant acted under color of state law within the meaning of 42 U.S.C. § 1983. Defendant obtained Plaintiff's confidential personnel and investigative records by virtue of a position within, or access to the records of, the Monroe County Sheriff's Office—access available only through official government employment—and used those records to injure Plaintiff. This conduct was made possible only by the authority and resources of a government office and is action taken under color of law, even if effected through a personal Facebook account outside of formal duty hours.

45. Defendant took adverse action against Plaintiff—namely, the disclosure and publication of information contained within confidential government records to hold Plaintiff up to public contempt—that would deter a person of ordinary firmness from continuing to engage in protected political activity.

46. Plaintiff's protected political activity was a motivating factor in Defendant's retaliatory conduct, as evidenced by the political context of the page, the timing of the publications relative to the election, and the content of the statements.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered a deprivation of his rights under the First and Fourteenth Amendments, together with reputational harm and emotional distress. Defendant's conduct was intentional, malicious, or in reckless disregard of Plaintiff's constitutional rights, entitling Plaintiff to punitive damages. Plaintiff is further entitled to recover reasonable attorney's fees and costs under 42 U.S.C. § 1988.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MICHAEL GEIER respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

A.  Compensatory damages in an amount to be determined at trial, including damages for reputational harm and emotional distress;

B.  Presumed damages as permitted for defamation per se;

C.  Punitive damages against Defendant on Counts I and III in an amount sufficient to punish and deter;

D.  Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

E.  Injunctive relief requiring removal of the defamatory publications, enjoining their further publication and calling for a retraction;

F.  Pre- and post-judgment interest as allowed by law; and

G.  Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

WILLIAMS McCARTHY LLP

*/s/ Joel M. Huotari*
Joel M. Huotari
120 W. State Street, P.O. Box 219
Rockford, IL 61105-0219
Phone: (815) 987-8982
Fax: (815) 968-0019
Attorneys for Plaintiff
Jhuotari@wilmac.com
Wisc. Bar # 1095432

9